UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. HIGGINS,<br><br>                           Petitioner,<br>  vs.<br><br>DERRAL G. ADAMS, Warden, et al.,<br><br>                          Respondents. | CASE NO. 05cv2301-LAB (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

       Petitioner, a state prisoner proceeding *pro se*, pleaded guilty to one count of a lewd act upon a child in violation of California Penal Code § 288(a), in exchange for which the State agreed to drop a charge of stalking. The complaint alleged he committed the lewd act some time between February 1, 1997 and August 1, 1997, which would have been within the six-year statute of limitations. He was sentenced to six years in prison.

       Petitioner filed a direct appeal of his conviction, in which he failed to identify any particular errors but asked the Court of Appeals to independently review the record for error. He later submitted a supplemental brief on his own behalf, along with a separate petition for writ of *coram vobis*. In his supplemental brief, he denied the charges, and suggested that his counsel and the court had led him to believe he would receive probation if he entered a guilty plea. In his petition for writ of error *coram vobis*, Petitioner argued the charge against him was barred by the statute of limitations and his counsel should have been aware of this. He asked on appeal to be allowed to withdraw his guilty plea. The

court of appeal denied the writ and affirmed the judgment, and also denied his petition for rehearing. He filed another petition in the California Supreme Court, identifying other claims of error and again seeking leave to withdraw his guilty plea. The court summarily denied his petition.

Petitioner then pursued his collateral attack through the state court system, where he was unsuccessful. He then filed his petition in this Court seeking a writ of habeas corpus. He contends the alleged crime was beyond the limitations period, and that he should not have been advised or permitted to plead guilty to it. He also raised several other claims of error addressed in the R&R. The matter was referred to Magistrate Judge Barbara Major for report and recommendation pursuant to 28 U.S.C. § 636(b).

On June 6, 2006, Judge Major issued her report and recommendation (the "R&R"), recommending that the petition be denied. Judge Major ordered the parties to file their written objections no later than June 26, 2006, with replies to be filed no later than July 17, 2006. The parties were specifically advised that failure to file objections within the specified time may waive their right to waive those objections on appeal. On July 20, 2007, well after the final date, Petitioner filed his objections. With his late objections, Petitioner filed a notice explaining that he was not able to file them earlier due to conditions in the facility where he was confined. His objections were accepted by discrepancy order. Respondent did not seek to file a reply to the objections. The Court now **GRANTS** Petitioner's request to extend the time for filing objections, and accepts the objections as filed.

I.   **Legal Standards**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Thus, this Court must review those parts of the report and recommendation to which a party has filed a written objection. Moreover, 28 U.S.C. § 636(b)(1) does not require some

lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). The Ninth Circuit has interpreted the language of 28 U.S.C. § 636(b)(1), and determined that the "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise*." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

## II.     Discussion of Objections

Petitioner's sole objection is that the evidence did not conclusively prove he committed the lewd act within the limitations period. He says the record "refers to, but does not provide a copy of" an incident report containing interviews with his former spouse and grandchildren. He requests this Court to order the San Diego County Sheriff to provide a copy of this report and conduct fact-finding to determine "when the alleged offense really occurred." Petitioner agrees that if this report includes a date after January 30, 1997,[1] he will withdraw his petition. However, he believes that if the report indicates "any period prior to 1-30-97 as being a possible date for prosecuting the alleged offense, then [the limitations period was] exceeded and prosecution is prohibited."

As to Petitioner's sole objection, he is mistaken in thinking it is the role of the Court to conduct investigations or engage in discovery on behalf of litigants. Obtaining documents through the discovery process is normally the work of trained counsel. Where a party is proceeding *pro se*, as Petitioner is, it is properly his role, not the Court's, to undertake this work. *Pliler v. Ford*, 542 U.S. 225, 231, 124 S.Ct. 2441, 2446 (2004) (holding that district court judges need not "act as counsel to *pro se* litigants," and that requiring courts to do the kind of work normally done by counsel "would undermine district judges' role as impartial decisionmakers") (citing *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000); *McKaskle v. Wiggins*, 465 U.S. 168, 183-184, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984)). Even if Petitioner were correct, however, the investigation he requests would not affect the Court's determination.

First, it is doubtful the reports regarding what the investigator was told by Petitioner's family members would be admissible, because they are hearsay. *Colvin v. United States*, 479 F.2d 998, 1003

---

[1] This is the date Petitioner identifies as the relevant cutoff date for statute of limitations purposes. The R&R, however, points out the prosecution would have been timely under former Cal. Penal Code § 803(g) based on the dates the incident reports were filed. (R&R at 13, n.8.)

1 (1973) ("Entries in a police report based on an officer's observation and knowledge may be admitted, but statements attributed to other persons are clearly hearsay, and inadmissible under the common law exception to the hearsay rule or under [28 U.S.C. § 1732].")

Furthermore, there is no reason to believe the reports might include information leading to the conclusion that the charged behavior occurred before 1997. The R&R, which the Court adopts, makes clear the factual basis for Petitioner's knowing and voluntary guilty plea showed he committed the offense during the limitations period. (R&R at 10:28–13:2; 15:6–8). The record also makes clear the incident report, even if admitted as evidence, would not show the incident for which Petitioner was charged occurred before January 30, 2007. (Lodgment 1 (App. Tr.) at 6 (probation officer's report, quoting investigator's report of an incident "on or about February of 1997"); 63 (Petitioner's statement in mitigation and in support of probation, identifying the incident as occurring "almost six years ago").)

In addition, under California law, the statute of limitations is not an element of the offense. *Smith v. Ryan*, No. 05-16072, 2007 WL 387589 at *1 (9th Cir. Feb. 5, 2007) (citations omitted). Even if Petitioner were able to show the statute of limitations defense would have applied, it would not show he was actually innocent. Therefore, the possibility that he might have pleaded guilty to a non-criminal act does not present itself. *See United States v. Duarte-Rosas*, No. 05-16664, 2007 WL 582845 at *2 (9th Cir. Feb. 20, 2007) (where habeas petitioner had pleaded guilty was serving time for conduct that did not clearly fall within the scope of the criminal statute, remanding case to trial court for determination of actual innocence).

The Court has reviewed the R&R and agrees with its findings and recommendations. Because Petitioner has not objected to any other portion of the R&R, all remaining portions of the R&R are hereby **ADOPTED**. The petition for writ of habeas corpus is hereby **DENIED**.

**IT IS SO ORDERED**.

DATED: June 21, 2007

**HONORABLE LARRY ALAN BURNS**
United States District Judge